### C. P. SLATE v. THOMASVILLE FAMILY LAUNDRY AND LONDON GUARANTEE AND ACCIDENT COMPANY.

(Filed 30 November, 1932.)

(For digest see *Richey v. Cotton Mills, ante,* 595.)

APPEAL by defendants from *Harding, J.,* at July Term, 1932, of DAVIDSON. Reversed.

This is a proceeding begun and prosecuted before the North Carolina Industrial Commission for an award under the provisions of the North Carolina Workmen's Compensation Act of compensation for a hernia suffered by the claimant and resulting from an injury by accident which arose out of and in the course of his employment by the respondent, Thomasville Family Laundry. The London Guarantee and Accident Company is the carrier for the said respondent.

The proceeding was heard by the Commission on the appeal of respondents from an award made by Commissioner Dorsett, who awarded compensation. The Commission was of the opinion that the evidence offered by the claimant was not sufficient to show by its greater weight the facts with respect to the hernia which are required by the statute for an award of compensation for a hernia, and for that reason reversed the award of Commissioner Dorsett and denied compensation. The claimant appealed from the award of the Commission to the Superior Court of Davidson County. At the hearing of this appeal before Harding, J., the award of the Commission was set aside and vacated upon the ground that there was error of law in said award. It was ordered that the proceeding be remanded to the North Carolina Industrial Commission, with direction that said Commission award compensation to the claimant.

From the judgment, the respondents appealed to the Supreme Court.

*F. M. Myers and H. R. Kyser for claimant.*
*Dalton & Pickens for respondents.*

CONNOR, J. The judgment of the Superior Court in this proceeding is reversed on the authority of *Richey v. Erlanger Cotton Mills, ante,* 595.

The statutory provisions with respect to compensation for a hernia are to the effect that no compensation can be allowed unless the five requisite facts are definitely proven to the satisfaction of the Industrial Commission. Whether or not, the evidence at the hearing of a proceed-

ing for compensation for a hernia meets the statutory requirement is a question addressed exclusively to the Commission. Where there is evidence tending to prove these facts, an award of compensation made by the Commission must be affirmed on an appeal to the Superior Court; if compensation is not allowed because the evidence in the opinion of the Commission does not meet the statutory requirement, the award denying compensation must be affirmed. It is only when there was no evidence at the hearing before the Commission to support an award of compensation for a hernia, that the judge of the Superior Court has the power to set aside and vacate the award. It is only in such cases that a matter of law is involved, which may be passed upon by the judge on an appeal from the award of the Commission. The judgment in this proceeding must be

Reversed.